UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SAMPSON COURTNEY,

      Petitioner,

v.                                                  Case No.  4:15cv29/MW/CJK

MELINDA N. COONROD,
Chairman, Florida Commission on
Offender Review,[1]

      Respondent.
_____/

ORDER and
REPORT AND RECOMMENDATION

      Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 4).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 12).  Petitioner replied.  (Doc. 15).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a)

---

[1] Melinda N. Coonrod succeeded Tena M. Pate as Chairman of the Florida Commission on Offender Review ("Commission") and is automatically substituted for Pate as the respondent.

of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to habeas relief, and that the amended petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

On November 29, 1976, petitioner was convicted of first degree murder (a capital felony) in Polk County Circuit Court Case No. 76-CF-846, and sentenced to life imprisonment with a 25-year mandatory minimum.  (Doc. 12, Ex. A).[2]  That same date, petitioner was convicted of aggravated assault in Polk County Circuit Court Case No. 76-CF-847, and sentenced to a concurrent 5-year sentence.  (Ex. A). Petitioner did not appeal from the judgment.  (Doc. 4, p. 1).

Petitioner was paroled on June 19, 2001.  (Ex. D).  In 2009, petitioner was found guilty of violating his parole by committing a battery.  The Commission declined to revoke petitioner's supervision and instead restored him to supervision upon amended terms and conditions.  (Ex. E).

On or about June 23, 2011, petitioner was charged with violating two conditions of his parole:  (1) posting bail or accepting pretrial release without first securing the permission of his parole officer and (2) failing to obey all laws,

---

[2] All references to exhibits are to those provided at Doc. 12, unless otherwise noted.

ordinances or statutory conditions of parole by unlawfully touching or striking another person (petitioner's brother) against the victim's will.  (Ex. F).  Petitioner waived his right to a preliminary parole hearing.  (Ex. F6).  In preparation for the final parole revocation hearing, petitioner was provided notice of the charges and of his rights in the proceedings.  (Ex. F7-9).  Petitioner requested a final violation hearing, agreed to telephonic testimony, waived his right to be represented by counsel, indicated his intention to deny the first charged violation, and indicated his intention to acknowledge the second violation as true.  (Ex. F8).  Petitioner also requested three witnesses to appear at his hearing.  (*Id*.).

Petitioner's final revocation hearing was held on August 25, 2011.  (Ex. F10-F14).  Petitioner was found not guilty of the first violation of accepting bail or pretrial release without permission, but was found guilty of the second violation of failing to obey all laws, ordinances or statutory conditions of parole by unlawfully touching or striking another.  (Ex. F13).  Petitioner's parole was revoked by Commission decision dated September 28, 2011.  (Ex. F16).  Petitioner sought state judicial review of the parole revocation by filing a petition for writ of habeas corpus in the Taylor County Circuit Court on May 3, 2013.[3]  (Ex. I).  The state circuit court denied relief.  (Ex. J).  Petitioner sought further review by filing a petition for writ

---

[3] Petitioner was confined at Taylor Correctional Institution at the time.  (Exs. I, J).

of certiorari in the Florida First District Court of Appeal (First DCA).  (Ex. K).  The

First DCA summarily denied the petition, per curiam and without a written opinion.

*Courtney v. Fla. Parole Comm'n*, 127 So. 3d 505 (Fla. 1st DCA 2013) (Table) (copy

at Ex. M).  The mandate issued December 17, 2013.  (*Id*.).

On  March  28,  2012,  the  Commission  established  petitioner's  new

Presumptive Parole Release Date (PPRD) as follows:

| | |
|---|---:|
| Salient Factor Score | 2 points |
| Offense Severity Level | Level 6 for a Capital Felony |
| Matrix Time Range of 180-240 | Set at the top (240 months) |

Aggravating factors assessed included the following:

    (1) The scored offense involved the use of a
       firearm: to wit, a .32 caliber pistol.
       (Previously set)        +60 months

    (2) Multiple separate offenses in Case #76-847,
       Aggravated Assault. (Previously set)    +12 months

    (3) The inmate's behavior involved excessive
       alcohol use on the day of the scored offense, per the
       Admission and Classification Summary.
       (Previously set)        +60 months

    (4) Applicant[']s continued pattern of aggressive or
       assaultive behavior, as well on parole supervision is
       a negative indicant of parole prognosis.    +60 months

(Ex. G).  The Commission added the aggravation months (192) to the Matrix Time

Range months (240) and applied that total to the Time Begins Date of September 5,

1985, to derive a new PPRD of September 5, 2021.  (*Id*.).  The Commission also

decided to schedule petitioner's next interview date within seven years, pursuant to

Fla. Stat. § 947.174, based on his murder conviction and the finding that it was not reasonable to expect he would be granted parole during the following years due to the following:  (1) the offense involved the use of a firearm; to wit, a .32 caliber pistol; (2) petitioner was a parole violator; and (3) any release may cause unreasonable risk to others.  (Ex. G).

Petitioner sought administrative review of his PPRD; however, his request for review was rejected as insufficient under Fla. Stat. § 947.173(1), because petitioner's request failed to "address with individual particularities the action taken by the Commission. . . ."  (Ex. H).  Petitioner was given the opportunity to submit another request for review on or before June 29, 2012.  (*Id.*).  Petitioner did not submit another request for review.   On May 30, 2013, petitioner challenged the establishment of his PPRD on *ex post facto* grounds in a habeas corpus petition filed in the Leon County Circuit Court.  (Ex. N).  The state circuit court construed the petition as a mandamus petition and denied relief on the grounds that petitioner failed to exhaust his administrative remedies and, alternatively, that the *ex post facto* claim was without merit.  (Ex. Q).  Petitioner appealed.   The First DCA summarily affirmed, per curiam and without a written opinion.  *Courtney v. Fla. Comm'n on Offender Review*, 152 So. 3d 567 (Fla. 1st DCA 2014) (Table) (copy at Ex. U).  The mandate issued December 23, 2014.  (*Id.*).

Petitioner filed his original federal habeas petition on January 15, 2015, (doc. 1), which he later amended (doc. 4).  The amended petition presents two claims:  a challenge to the September 28, 2011 parole revocation, and a challenge to the March 28, 2012 setting of petitioner's PPRD.  Respondent asserts that petitioner is not entitled to habeas relief on either of his claims because his challenge to his parole revocation is untimely, raises purely state law issues, and is without merit.  Respondent asserts that petitioner's challenge to the establishment of his PPRD is procedurally defaulted and without merit.  (Doc. 12).  Petitioner's reply addresses only the merits of the parole revocation claim.  (Doc. 15).

## DISCUSSION

Ground One     "The Parole Commission knew that the police report was base[d] on false information.  See 'Exhibits B, E'.  The revocation of petitioner['s] parole was base[d] on the false police report." (Doc. 4, p. 5).

Petitioner challenges the September 28, 2011 revocation of his parole on three grounds:  (1) it was based on an arrest report the Commission knew to be false; (2) it was based on hearsay; and (3) it was based on a violation that was not proven to be willful and substantial.  (Doc. 4).  Respondent's first defense, which is dispositive of the claim, is that this claim is time-barred.  (Doc. 12, p. 15).

The AEDPA imposes a one-year statute of limitations on petitions filed pursuant to § 2254.  28 U.S.C. § 2244(d)(1).  Under *Brown v. Barrow*, 512 F.3d

1304 (11th Cir. 2008), the one-year limitation period for petitioner to challenge the revocation of his parole ran from the date of the Commission's decision, *i.e.*, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D); *see Brown*, 512 F.3d at 1307 n.1 ("We join our sister circuits in deciding that subsection D, and not subsection A, applies in this circumstance [where a § 2254 petition challenges the decision of a state parole board].");[4] *Hawes v. Howerton*, 335 F. App'x 882, 884 (11th Cir. 2009) (following *Brown*).  The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

The Commission revoked petitioner's parole and notified him of its decision on September 28, 2011.  The limitations period began to run the following day, on September 29, 2011.  *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period); *Chambers v. Fla. Parole Comm'n*, 257 F.

---

[4]The Eleventh Circuit has also held that "the statute of limitations in AEDPA applies on a claim-by-claim basis in a multiple trigger date case." *Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013); *see also Smith v. Jones*, No. 3:14cv195/MCR/EMT, 2015 WL 521067, at *4 (N.D. Fla. Feb. 9, 2015) ("Where a petition presents a claim or claims that require application of § 2244(d)(1)(B), § 2244(d)(1)(C), or § 2244(d)(1)(D), calculation of the federal statute of limitations requires a claim-by-claim approach to determine timeliness." (*citing Zack*)).

App'x 258, 259-260 (11th Cir. 2007) (holding that statute of limitations on habeas petitioner's challenge to parole revocation began running, at the latest, on the day after the entry of the order revoking his parole).  The limitations period expired one year later on October 1, 2012.[5]  Petitioner's original federal habeas petition was not filed until January 15, 2015, over two years after the limitations period expired. Petitioner's May 3, 2013, state habeas petition did not statutorily toll the limitations period, because the limitations period had already expired.  *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (citing cases)); *see also Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Petitioner has not established entitlement to equitable tolling or any exception to the limitations period. Petitioner's challenge to his parole revocation is time-barred.

---

[5] September 29, 2012, was a Saturday.

Ground Two        "The retroactive application of the October 1, 1978, amended 947.417 'more onerous' oppressive, and disadvantageous objective parole guidelines to Mr. Courtney['s] 1976 offense, is prohibited by Ex Post Facto Clause."  (Doc. 4, p. 6).

Petitioner's second claim challenges the establishment of his PPRD. Petitioner argues that the Commission's application of the current Objective Parole Guidelines Act of 1978 (the Parole Act) to his 1976 offense committed prior to enactment of the guidelines violates the prohibition of *ex post facto* laws.  (Doc. 4, p. 6).  Respondent raises an exhaustion defense based on petitioner's failure to exhaust administrative remedies.  (Doc. 12, pp. 13-15).

"As a rule, a state prisoner's habeas claims may not be entertained by a federal court when (1) a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds."  *Maples v. Thomas*, 565 U.S. —, 132 S. Ct. 912, 922, 181 L. Ed. 2d 807 (2012) (alterations in original) (internal quotation marks and citations omitted).  A petitioner seeking to overcome a procedural default must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991); *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).

In Florida, exhaustion of administrative remedies is required before seeking judicial review of an FPC decision or action. *Roth v. Crosby*, 884 So.2d 407, 408 n.1 (Fla. 2d DCA 2004) (citations omitted).   Administrative review of the Commission's establishment of an inmate's initial PPRD is obtained by the inmate's submitting a request for review to the Commission. *See* Fla. Stat. § 947.173(1) ("An inmate may request one review of his or her initial presumptive parole release date established according to s. 947.16(1) if the inmate shows cause in writing, *with individual particularities*, within 60 days after the date the inmate is notified of the decision on the presumptive parole release date.") (emphasis added).   Upon exhaustion of administrative remedies, an inmate may seek judicial review of the FPC's action by filing a petition for writ of mandamus in the appropriate circuit court. *Sheley v. Fla. Parole Comm'n*, 720 So. 2d 216, 217 (Fla. 1998) ("Mandamus is an accepted remedy for reviewing an order of the Florida Parole Commission.") (citations omitted); *see also Roth*, 884 So. 2d at 408 (noting that a PPRD is challenged by petition for writ of mandamus against the Commission, filed in the Circuit Court in Leon County, unless the Commission waives home venue privilege) (citations omitted).   A circuit court order denying mandamus relief is reviewable either by appeal (if decided on grounds other than the merits) or certiorari (if decided

on the merits) in the state district court of appeal. *Sheley*, 720 So. 2d at 217 (*citing* Fla. R. App. P. 9.030); *Roth*, 884 So.2d at 408 n. 2.

Petitioner's request for administrative review of his PPRD was rejected because it "d[id] not address with individual particularities the action taken by the Commission on March 28, 2012", as required by Fla. Stat. § 947.173(1).  (Ex. H1). The Commission provided petitioner an opportunity to submit another request for review by June 29, 2012.  (*Id.*).   Rather than submit another request for administrative review, petitioner sought judicial review by filing a habeas corpus petition in the Leon County Circuit Court.  The circuit court rejected petitioner's claim on the alternative bases that petitioner failed to exhaust administrative remedies and that his *ex post facto* claim was without merit.  As to the procedural bar, the circuit court explained:

> Initially, the Court finds that the Plaintiff has apparently failed to exhaust his administrative remedies.  Section 947.173(1), Florida Statutes, provides the administrative remedy for inmates who wish to seek review of the establishment of the initial Presumptive Parole Release Date (PPRD).  Plaintiff's PPRD was established on March 2, 2012, and certified and mailed on April 10, 2012.  His request for review of the PPRD was received on April 30, 2012.  That review request failed to address with individual particularities the Commission action.  Other than stating that his Time Begins date on the latest PPRD establishment was wrong, Plaintiff's review request was for the most part an explanation of circumstances that led to the parole revocation. Plaintiff was afforded another month and a half to resubmit another request for review.  The Commission also provided him a copy of the Computation Worksheet addressing his time Begins Date.  Plaintiff

apparently did not avail himself of the extension to seek administrative review.  In order for the Plaintiff to request and obtain the mandamus type of extraordinary relief his is seeking, he must show that no other adequate remedy exists.  Holman v. Florida Parole and Probation Commission, 407 So. 2d 638 (Fla. 1st DCA 1981).  Plaintiff cannot show that no other remedy was available, because he never properly requested review by the Commission of his PPRD establishment.  An extraordinary remedy, such as a writ of mandamus, may not be used "*to assist a litigant who has foregone an ordinary [remedy] which would have served adequately.*"  Id. at 638.  Exhaustion of administrative remedies is a prerequisite to judicial review.  Canete v. Fla. Dep't of Corr., 967 So. 2d 412, 415 (Fla. 1st DCA 2007).  *See also*, Riddell v. Florida Department of Corrections and Florida Parole and Probation Commission, 538 So. 2d 132, 133 (Fla. 1st DCA 1989); Dodd v. Fla. Parole & Prob. Com., 380 So. 2d 556, 557 (Fla. 1st DCA 1980); Gonzales v. Fla. Parole & Prob. Com., 421 So. 2d 675, 676 (Fla. 1st DCA 1982).  Denial of the mandamus petition is warranted on this basis alone.  Notwithstanding the Plaintiff's failure to exhaust administrative remedies, his ex post facto claim is without merit.

(Ex. Q2-Q3).  The court went on to explain why petitioner's *ex post facto* claim failed on the merits.  (Ex. Q3-Q5).  The First DCA summarily affirmed without explanation.  (Ex. U).

The First DCA is presumed to have rejected petitioner's *ex post facto* challenge to his PPRD on the independent state law ground imposed by the circuit court.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) (holding that "where . . . the last reasoned [state court] opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.");

*Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990). Although the circuit court alternatively addressed the merits of petitioner's *ex post facto* claim, this does not nullify the procedural default. *See Marek v. Singletary*, 62 F.3d 1295, 1301-1302 (11th Cir. 1995) ("When a state court addresses both the independent state procedural ground and the merits of the federal constitutional claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." (*citing Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994))); *see also Alderman*, 22 F.3d at 1549 ("However, as here, where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."). The Supreme Court explained in *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989):

> A state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.

489 U.S. at 264 n.10 (citation omitted).

Florida's rule requiring exhaustion of administrative remedies prior to seeking judicial review of a PPRD decision is independent of federal law and adequate to support the state court's judgment. *See Riddell, supra*; *Dodd, supra*; *see also Kirsch*

*v. Greadington*, 425 So. 2d 153, 155 (Fla. 1st DCA 1983) (dismissing mandamus petition challenging Commission's extension of inmate's PPRD because inmate did not allege he sought and received a § 947.173 review of the Commission action); *Law v. Fla. Parole and Probation Comm'n*, 411 So. 2d 1329 (Fla. 1st DCA 1982) (declining to review inmates' challenges to their PPRDs because inmates had not exhausted their administrative remedies by seeking Commission review under Fla. Stat. § 947.173(1)). Petitioner has made none of the requisite showings to excuse his procedural default. Petitioner's procedural default bars federal habeas review of his *ex post facto* claim.

Noting that the state court also addressed the merits of petitioner's claim, respondent argues that even if this court considers the state court's decision to be an adjudication on the merits, relief should be denied because the law of this circuit establishes that the Commission's application of the Parole Act as well as imposition of the extended interview interval are not *ex post facto* violations. (Doc. 12, pp. 14-15, 24-29).

Section 2254(d) provides, in relevant part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2015).  No Supreme Court precedent establishes that application of parole guidelines such as those at issue here to an inmate whose offense predated establishment of the guidelines violates the Federal Constitution's prohibition of *ex post facto* laws.  In addition, the Eleventh Circuit has repeatedly rejected habeas petitioners' *ex post facto* challenges to application of the Parole Act to inmates whose offenses predated the Act.  *See Paschal v. Wainwright*, 738 F.2d 1173, 1175-76 (11th Cir. 1984) (rejecting *ex post facto* challenge to application of the Parole Act to inmate whose offense predated 1978: "Considering Florida's sentencing and parole model in light of governing case law and the policies underpinning the ex post facto clause, we agree with the district court and hold that the Commission's application of the Parole Act to petitioner's case in setting his presumptive parole release date did not violate the ex post facto clause."); *id.* at 1177 ("[A]n examination of the parole process both before and after the Parole Act shows that neither the Parole Act nor the guidelines have operated to petitioner's detriment. [Thus,] this essential element of an ex post facto claim is missing[.]"); *id.* at 1179

("The Parole Act and guidelines are not more onerous than prior law.  They did not substantively alter petitioner's parole eligibility or confine the Commission's discretion to release him; they merely clarified the exercise of administrative discretion."); *Johnson v. Wainwright*, 772 F.2d 826, 827 (11th Cir. 1985); *Damiano v. Fla. Parole and Probation Comm'n*, 785 F.2d 929, 933 (11th Cir. 1986) (citing *Paschal* in rejecting *ex post facto* challenge and holding that "[w]hen appellant was convicted in 1974, parole was a matter of complete discretion.  It remains so even under the objective parole guidelines of 1978, since parole is still ultimately a matter of discretion."); *Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir. 1986) (concluding that the *Ex Post Facto* Clause was not violated when the Commission applied the "objective parole guidelines that had been amended after [petitioner] was incarcerated."); *Gwin v. Snow*, 870 F.2d 616 (11th Cir. 1989).

The Eleventh Circuit has also rejected, based on Supreme Court precedent, *ex post facto* challenges to the increase in the interval between a Florida inmate's parole reviews, including the 7-year interval at issue here.  *Jones v. Fla. Parole Comm'n,* 787 F.3d 1105 (11th Cir. 2015).  In *Jones*, the Eleventh Circuit recognized that "[t]he Supreme Court has twice considered – and twice rejected – an Ex Post Facto challenge to a state's increase in the interval between parole reviews."  *Id*. at 1108 (*discussing California Dep't of Corr. v. Morales*, 514 U.S. 499, 115 S. Ct. 1597, 131

L. Ed. 2d 588 (1995), *and Garner v. Jones*, 529 U.S. 244, 120 S. Ct. 1362, 146 L. Ed. 2d 236 (2000)).  The court held:

> Together *Morales* and *Jones* compel rejection of the claim that the Florida statutory change at issue here is facially unconstitutional. Here, as in *Morales* and *Jones*, the interval between parole assessments has increased.  But here, as in *Morales* and *Jones*, the substantive policies that govern parole have remained the same.  And here the risk that the change will increase an offender's actual punishment is no greater than – indeed, probably less than – the risk in *Morales* or *Jones*.

*Id.* at 1108.

Even if the First DCA's rejection of petitioner's *ex post facto* claim is deemed an adjudication on the merits, petitioner is not entitled to habeas relief because he fails to establish that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1).  Petitioner is not entitled to habeas relief on Ground Two.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed,

even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Melinda N. Coonrod has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1.  That the amended petition for writ of habeas corpus (doc. 4) be DENIED.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 2nd day of August, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.